## UNITED STATES DISTRICT COURT
## NORTHER DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **SHIRLEY BROWN,** Individually and as Administratrix of the estate of Rodney Brown<br>c/o David Malik<br>8437 Mayfield Rd<br>Suite 101<br>Chesterland, OH  44026, | Case No.  1:11-cv-1370<br><br>Judge<br><br>**COMPLAINT AND JURY DEMAND** |
| **Plaintiff,** | |
| v. | |
| **MICHAEL CHAPMAN**<br>c/o City of Cleveland, Division of Police<br>1300 Ontario St.<br>Cleveland, Ohio 44113, | |
| and | |
| **BELAL ILAIN**<br>c/o City of Cleveland, Division of Police<br>1300 Ontario St.<br>Cleveland, Ohio 44113, | |
| and | |
| **JOHN AND JANE DOES 1 – 10**<br>c/o City of Cleveland, Division of Police<br>1300 Ontario St.<br>Cleveland, Ohio 44113, | |
| **Defendants.** | |

### I. PRELIMINARY STATEMENT

1.     A traffic stop should not end in death.  On New Year's Eve, December 31, 2010, Rodney Brown was traveling in a car on 113tth Street in Cleveland.  The Defendant Officers stopped him for a minor traffic violation.  Mr. Brown physically complied with the officers'

requests. But when Mr. Brown questioned the officers as to the basis for the stop they responded with excessive force including multiple taser deployments. Mr. Brown suffered and died as a result. Plaintiff brings this case in order to secure fair compensation and to prevent future abuse of citizens by the Defendants.

## II. JURISDICTION

2.	Jurisdiction over claims arising from Defendant's violation of the Civil Rights Act is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4).

3.	Jurisdiction over the state law claims is conferred upon this Court by 28 U.S.C. §1367.

4.	Venue is proper in this Division

## III. THE PARTIES

5.	Plaintiff Shirley Brown is the mother of Rodney S. Brown, Sr., who is deceased. Ms. Brown brings this suit as the Administratrix of the Estate of Rodney S. Brown, Sr. for the benefit of his heirs.

6.	Defendant Michael Chapman was at all times relevant to this action employed by the City of Cleveland as a police officer and acting under color of law. He is sued in his individual capacity.

7.	Defendant Belal Ilain was at all times relevant to this action employed by the City of Cleveland as a police officer and acting under color of law. He is sued in his individual capacity.

8.	Defendants John and Jane Does were at all times relevant to this action employed by the City of Cleveland as police officers and acting under color of law. They are each sued in his/her individual capacity.

## IV. FACTS

9. On December 31, 2010, at approximately 8:40 p.m., Mr. Brown was traveling on E. 113th St. toward his residence at 3673 E. 113th St., Cleveland, Ohio.

10. Defendant Officers Chapman and Ilain followed Mr. Brown in their zone car and signaled that Mr. Brown should stop his vehicle.

11. Mr. Brown stopped his vehicle on E. 113th St. at the corner of Benham Ave.

12. The officers stopped Mr. Brown for allegedly operating the vehicle without illuminating his headlights.

13. Defendant Officers told Mr. Brown to get out of his car and proceed to the back of the car. Mr. Brown complied with the officers' requests.

14. Defendant Officers told Mr. Brown to place his hands on the car and Mr. Brown complied. During this time, Mr. Brown asked why he had been stopped.

15. Defendant Chapman then used force on Mr. Brown.

16. Defendant Chapman initiated force against Mr. Brown without having any probable cause or reasonable suspicion to do so.

17. Defendants Chapman, Ilain and John/Jane Does then engaged in a foot chase with Mr. Brown, wrestled with Mr. Brown and tased him multiple times.

18. Mr. Brown complained twice to the Defendants that he could not breathe. One of the Defendants responded, "Who gives a fuck?" A copy of the radio transmissions including that exchange with Mr. Brown will be filed as an attachment to the complaint.

19. Mr. Brown then promptly suffered a cardiac arrest.

20. Cleveland Paramedics arrived on the scene and transported Mr. Brown to University Hospital Case Medical Center where he was pronounced dead at 9:45 p.m.

21. Defendants Chapman and Ilain and Does acted without probable cause and used excessive force on Mr. Brown.

22. Defendants Chapman and Ilain and Does acted intentionally, knowingly, unreasonably, maliciously, sadistically, negligently, recklessly and with deliberate indifference to the rights and safety of Mr. Brown when they interacted with him on December 31, 2010, including, but not limited to, their stop of his vehicle and their use of force against him.

23. As a direct and proximate result of the conduct of Defendants Chapman and Ilain and Does, Rodney Brown suffered injury, pain and suffering, emotional and psychological trauma, and eventually died as a result of such injury.

24. As a further direct and proximate result of Rodney Brown's wrongful death, Mr. Brown's survivors, next of kin and/or heirs have suffered permanent damages, including but not limited to, grief, depression, and severe emotional distress. They have incurred funeral bills and other expenses and will incur additional expenses in the future.

## V. FIRST CAUSE OF ACTION – CLAIM FOR EXCESSIVE FORCE §1983

25. The Defendants have, under color of law, deprived Plaintiff of clearly established rights, privileges and immunities secured by the Fourth Amendment to the United States Constitution of which a reasonable person would have known. These rights include, but are not limited to, the right to be free of seizures without probable cause and to be free of excessive force and free of unreasonable searches and seizures.

4

## VI. SECOND CLAIM – ASSAULT AND BATTERY

26. The Defendants intentionally and maliciously applied and threatened to apply unlawful and unnecessary force against Rodney Brown.

## VII. THIRD CAUSE OF ACTION – WRONGFUL DEATH

27. Defendants actions caused the wrongful death of Rodney Brown resulting in damages recoverable under R.C. §2125.02

## VIII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests this Court to award her:

A. Compensatory damages in an amount to be shown at trial.

B. Punitive damages in an amount to be shown at trial;

C. Reasonable attorney fees;

D. Prejudgment interest;

E. Costs incurred in this action;

F. Such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

| | |
|---|---|
| s/ Alphonse A. Gerhardstein<br>Alphonse A. Gerhardstein (0032053)<br>Trial Attorney for Plaintiffs<br>Jennifer L. Branch (0038893)<br>Gerhardstein & Branch, Co LPA<br>432 Walnut Street, Suite 400<br>Cincinnati, Ohio 45202<br>(513) 621-9100<br>Fax (513) 345-5543<br>agerhardstein@gbfirm.com<br>jbranch@gbfirm.com | s/David B. Malik<br>David B. Malik (0023763)<br>Trial Attorney for Plaintiffs<br>8437 Mayfield Road, Suite 103<br>Chesterland, OH 44026<br>(440) 729-8260<br>(440) 729-8262 fax<br>dbm50@sbcglobal.net |

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues triable by a jury.

s/ Alphonse A. Gerhardstein