IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SHIRLEY BROWN, | ) CASE NO. 1:11-CV-1370 |
| Plaintiff, | ) JUDGE LESLEY WELLS |
| v. | ) **ANSWER OF DEFENDANTS** |
| | ) **MICHAEL CHAPMAN AND** |
| MICHAEL CHAPMAN, *et al.*, | ) **BELAL ILAIN** |
| Defendants. | ) [Jury Demand Endorsed Hereon] |

Defendants Michael Chapman and Belal Ilain respectfully answer Plaintiff's Complaint as follows:

### I.     "PRELIMINARY STATEMENT"

1.     As to the allegations in **paragraph 1,** Defendants admit that on December 31, 2010 Cleveland Police Officers Michael Chapman and Belal Ilain stopped Rodney Brown for a traffic violation; and admit that Rodney Brown is deceased. Further answering, Defendants state that Rodney Brown led the defendant officers into a prolonged and vigorous struggle where Brown refused to be detained or subdued and pulled out a knife. Brown was eventually subdued through the collective effort of eight police officers, six who arrived as backup during the struggle. Brown was handcuffed and placed in the zone car. When EMS arrived shortly thereafter, responders discovered that Brown was experiencing a heart attack. Defendants deny the use of excessive force. To the extent the allegations do not assert facts, Defendants deny same. Defendants deny all remaining allegations.

## II. "JURISDICTION"

2. Defendants admit the allegations in **paragraph 2** to the extent they refer to jurisdiction over causes of action. Defendants deny all remaining allegations.

3. Defendants admit the allegations in **paragraphs 3 and 4**.

## III.   "THE PARTIES"

4. Defendants incorporate by reference their responses to all preceding paragraphs as if fully rewritten here.

5. Defendants deny the allegations in **paragraph 5** for lack of information or knowledge.

6. Defendants admit the allegations in **paragraph 6 and 7**.

7. Defendants deny the allegations in **paragraph 8** for lack of information or knowledge.

## IV.   "FACTS"

8. Defendants incorporate by reference their responses to all preceding paragraphs as if fully rewritten here.

9. Defendants deny the allegations in **paragraph 9** in regards to Rodney Brown's destination on December 31, 2010 for lack of information or knowledge. Defendants admit all remaining allegations.

10. Defendants admit all allegations in **paragraphs 10 – 13.**

11. Defendants admit the allegations in **paragraphs 14** that the officers told Rodney Brown to place his hands on the car and that Mr. Brown did so. Defendants deny all remaining allegations.

12. Defendants deny the allegations in **paragraphs 15 – 16**.

13. Defendants admit the allegation in **paragraph 17** to the extent they refer to action taken by these Answering Defendant. Defendants deny all remaining allegations.

14. Defendants admit the allegation in **paragraph 18** that during the prolonged struggle while Rodney Brown was wrestling and punching the officers and refusing to permit himself to be handcuffed, and while the officers are yelling at Brown to stop resisting, Brown yelled that he could not breathe. Defendants deny the remaining allegations.

15. Defendants deny the allegation in **paragraph 19** for lack of information or knowledge.

16. Defendants admit the allegations in **paragraph 20.**

17. Defendants deny the allegations in **paragraphs 21 – 24**.

### V. "FIRST CAUSE OF ACTION – CLAIM FOR EXCESSIVE FORCE §1983"

18. Defendants incorporate by reference their responses to all preceding paragraphs as if fully rewritten here.

19. Defendants deny the allegations in **paragraph 25**.

### VI. "SECOND CLAIM – ASSAULT AND BATTERY"

20. Defendants incorporate by reference their responses to all preceding paragraphs as if fully rewritten here.

21. Defendants deny the allegations in **paragraph 26.**

### VII. "THIRD CAUSE OF ACTION – WRONGFUL DEATH"

22. Defendants incorporate by reference their responses to all preceding paragraphs as if fully rewritten here.

23. Defendants deny the allegations in **paragraph 27.**

### VIII. "PRAYER FOR RELIEF"

24. To the extent the allegations in this paragraph assert facts, Defendants deny same. The remaining allegations do not assert facts and Defendants deny same.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred or limited by Ohio Revised Code Chapter 2744.

3. Qualified immunity.

4. Contributory negligence.

5. Intervening, superseding cause.

6. Contributory negligence.

7. Defendants at all times acted reasonably, in good faith, and with probable cause.

8. The performance of Defendants' duties violated no duty to Plaintiff.

Defendants Michael Chapman and Belal Ilain reserve the right to file Amended Answers and Affirmative Defenses as required during investigation and discovery and as other parties indispensable to this action are identified during the same.

## JURY DEMAND

Defendants Michael Chapman and Belal Ilain demand trial by jury in the maximum number of jurors permitted by law for each claim and cause of action in this Complaint.

    *s/ Amy E. Marquit Renwald*
AMY E. MARQUIT RENWALD
*Counsel for Defendants Michael Chapman
and Belal Ilain*

WHEREFORE, Defendants Michael Chapman and Belal Ilain respectfully pray that Plaintiff's Complaint be dismissed with prejudice and that the Court enter judgment in their favor, and that it grant Defendants their costs and attorneys' fees, and such other relief as the Court may deem just.

49655

Respectfully submitted,

ROBERT J. TRIOZZI (0061532)
Director of Law, City of Cleveland

By: *s/ Amy E. Marquit Renwald*
   L. STEWART HASTINGS JR. (0025852)
   Chief Assistant Director of Law
   AMY E. MARQUIT RENWALD (0074279)
   Assistant Director of Law
   Department of Law, Cleveland City Hall
   601 Lakeside Avenue, Room 106
   Cleveland, Ohio 44114-1077
   Tel: (216) 664-2800  Fax: (216) 664-2663
   E-Mail: LSHastings@city.cleveland.oh.us
   AMarquitRenwald@city.cleveland.oh.us
   *Counsel for Defendants Michael Chapman*
   *and Belal Ilain*


**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing was filed electronically on September 2, 2011. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system

   *s/ Amy E. Marquit Renwald*
   AMY E. MARQUIT RENWALD (0074279)
   *Counsel for Defendants Michael Chapman*
   *and Belal Ilain*