## UNITED STATES DISTRICT COURT
## NORTHER DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **SHIRLEY BROWN**, Individually and as Administratrix of the estate of Rodney Brown c/o David Malik 8437 Mayfield Rd Suite 101 Chesterland, OH  44026, | : : : : : : : : | Case No.  1:11-cv-1370  Judge Lesley Wells  **AMENDED COMPLAINT AND JURY DEMAND** |
| Plaintiff, | : : | |
| v. | : : | |
| **MICHAEL CHAPMAN** c/o City of Cleveland, Division of Police 1300 Ontario St. Cleveland, Ohio 44113, | : : : : : : | |
| and | : : | |
| **BELAL ILAIN** c/o City of Cleveland, Division of Police 1300 Ontario St. Cleveland, Ohio 44113, | : : : : : : | |
| and | : : | |
| **OFFICER SKRLETTS, 164** **OFFICER KINKAID, 939** **OFFICER PEDRO VARGA, 1795** **OFFICER ERIK MELENDEZ, 1748** **OFFICER MERRITT, 2230** **OFFICER RUSNAK, 849** **OFFICER BLAINE, 1806** **OFFICER PENDELTON, 37** **OFFICER JONES , 944** **OFFICER WALKER, 2412** **SGT. SATTLER, 9087** **JOHN AND JANE DOES 1 – 5** c/o City of Cleveland, Division of Police 1300 Ontario St. Cleveland, Ohio 44113, | : : : : : : : : : : : : : : : | |

|  |  |
|---|---|
| **and** | : |
|  | : |
| **CITY OF CLEVELAND** | : |
| c/o Division of Police | : |
| 1300 Ontario St. | : |
| Cleveland, Ohio 44113 | : |
|  | : |
| **Defendants.** | : |

## I. PRELIMINARY STATEMENT

1. A traffic stop should not end in death. On New Year's Eve, December 31, 2010, Rodney Brown was traveling in a car on 113tth Street in Cleveland. The Defendant Officers Chapman and Ilain stopped him for a minor traffic violation. Mr. Brown physically complied with the officers' requests. But when Mr. Brown questioned the officers as to the basis for the stop they and the other defendants responded with excessive force including multiple taser deployments. Mr. Brown suffered and died as a result. Plaintiff brings this case in order to secure fair compensation and to prevent future abuse of citizens by the Defendants.

## II. JURISDICTION

2. Jurisdiction over claims arising from Defendant's violation of the Civil Rights Act is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4).

3. Jurisdiction over the state law claims is conferred upon this Court by 28 U.S.C. §1367.

4. Venue is proper in this Division

## III. THE PARTIES

5. Plaintiff Shirley Brown is the mother of Rodney S. Brown, Sr., who is deceased. Ms. Brown brings this suit as the Administratrix of the Estate of Rodney S. Brown, Sr. for the benefit of his heirs.

6.	Defendant Michael Chapman was at all times relevant to this action employed by the City of Cleveland as a police officer and acting under color of law.  Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law.  He is sued in both his individual and official capacities.

7.	Defendant Belal Ilain was at all times relevant to this action employed by the City of Cleveland as a police officer and acting under color of law.  Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law.  He is sued in both his individual and official capacities.

8.	Defendants Skrletts, Kinkaid, Vargas, Melendez, Merritt, Rusnak, Blaine, Pendleton, Jones, Walker, Sattler and John and Jane Does were at all times relevant to this action employed by the City of Cleveland as police officers and acting under color of law. Defendants are "persons" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law.  They are each sued in his/her individual and official capacities.

 2. Defendant City of Cleveland is a unit of local government organized under the laws of the State of Ohio. Defendant City of Cleveland is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law.

## IV. FACTS

9.	On December 31, 2010, at approximately 8:40 p.m., Mr. Brown was traveling on E. 113th St. toward his residence at 3673 E. 113th St., Cleveland, Ohio.

10.	Defendant Officers Chapman and Ilain followed Mr. Brown in their zone car and signaled that Mr. Brown should stop his vehicle.

11.	Mr. Brown stopped his vehicle on E. 113th St. at the corner of Benham Ave.

12. The officers stopped Mr. Brown for allegedly operating the vehicle without illuminating his headlights.

13. Defendant Officers told Mr. Brown to get out of his car and proceed to the back of the car. Mr. Brown complied with the officers' requests.

14. Defendant Officers told Mr. Brown to place his hands on the car and Mr. Brown complied. During this time, Mr. Brown asked why he had been stopped.

15. Defendant Chapman then used force on Mr. Brown.

16. Defendant Chapman initiated force against Mr. Brown without having any probable cause or reasonable suspicion to do so.

17. Defendants Chapman, Ilain, Skrletts, Kinkaid, Vargas, Melendez, Merritt, Rusnak, Blaine, Pendleton, Jones, Walker, Sattler and John/Jane Does then engaged in a foot chase with Mr. Brown, wrestled with Mr. Brown and tased him multiple times.

18. Mr. Brown complained twice to the Defendants that he could not breathe. One of the Defendants responded, "Who gives a fuck?" A copy of the radio transmissions including that exchange with Mr. Brown is filed as an attachment to the complaint, see Doc. 4.

19. Mr. Brown then promptly suffered a cardiac arrest.

20. Cleveland Paramedics arrived on the scene and transported Mr. Brown to University Hospital Case Medical Center where he was pronounced dead at 9:45 p.m.

21. Defendants Chapman, Ilain, Skrletts, Kinkaid, Vargas, Melendez, Merritt, Rusnak, Blaine, Pendleton, Jones, Walker, Sattler and John/Jane Does acted without probable cause and used excessive force on Mr. Brown.

22. Defendants Chapman, Ilain, Skrletts, Kinkaid, Vargas, Melendez, Merritt, Rusnak, Blaine, Pendleton, Jones, Walker, Sattler and John/Jane Does acted intentionally, knowingly,

unreasonably, maliciously, sadistically, negligently, recklessly and with deliberate indifference to the rights and safety of Mr. Brown when they interacted with him on December 31, 2010, including, but not limited to, their stop of his vehicle and their use of force against him.

23. Defendant City of Cleveland's policies, practices, customs, and usages regarding use of force was a moving force behind the excessive force used on Mr. Brown by Defendants in this case.  Specifically, City policy and training encouraged officers to engage in repeated taser deployments without checking the status of the suspect.

24. Defendant City of Cleveland's policies, practices, customs, and usages regarding taser deployment ignored the product warning label and training materials issued by Taser International, the company that manufactures the X26 Taser as well as the OPATA training provided to officers in Ohio.  Specifically, City policy and training encouraged officers to shoot at the chest of suspects; to make repeated deployments without checking on the physical and mental status of the suspect; to fail to assess the effects of the taser after each deployment; to fail to conduct spark tests before deploying a taser unit in the field; as well as other failures to follow accepted policies and training with respect to tasers.

25. Defendant City of Cleveland's policies, practices, customs, and usages regarding taser deployment ignored the need to test each taser unit for consistency of current delivered.  On information and belief the tasers employed by Defendants in this case delivered current at levels above that set by the manufacturer causing injury to Mr. Brown.

26. The training and supervision provided by the City of Cleveland to the individual Defendant officers in this case was deliberately indifferent to the safety of citizens, including citizens such as Mr. Brown, at risk of arrest by officers using tasers and other uses of force.

5

27. The City of Cleveland has not disciplined any of the individual Defendant officers for the conduct set out in this complaint. The City of Cleveland has ratified the conduct of the Defendant officers set out in this complaint.

28. As a direct and proximate result of the conduct of Defendants Chapman, Ilain, Skrletts, Kinkaid, Vargas, Melendez, Merritt, Rusnak, Blaine, Pendleton, Jones, Walker, Sattler and John/Jane Does, and City of Cleveland, Rodney Brown suffered injury, pain and suffering, emotional and psychological trauma, and eventually died as a result of such injury.

29. As a further direct and proximate result of Rodney Brown's wrongful death, Mr. Brown's survivors, next of kin and/or heirs have suffered permanent damages, including but not limited to, grief, depression, and severe emotional distress. They have incurred funeral bills and other expenses and will incur additional expenses in the future.

## V.  FIRST CAUSE OF ACTION – CLAIM FOR EXCESSIVE FORCE §1983

30. The Defendants have, under color of law, deprived Plaintiff of clearly established rights, privileges and immunities secured by the Fourth Amendment to the United States Constitution of which a reasonable person would have known. These rights include, but are not limited to, the right to be free of seizures without probable cause and to be free of excessive force and free of unreasonable searches and seizures.

## VI. SECOND CLAIM – ASSAULT AND BATTERY

31. The Defendants Chapman, Ilain, Skrletts, Kinkaid, Vargas, Melendez, Merritt, Rusnak, Blaine, Pendleton, Jones, Walker, Sattler and John/Jane Does intentionally and maliciously applied and threatened to apply unlawful and unnecessary force against Rodney Brown.

## VII. THIRD CAUSE OF ACTION – WRONGFUL DEATH

32. Defendants actions caused the wrongful death of Rodney Brown resulting in damages recoverable under R.C. §2125.02

## VIII. JURY DEMAND

33. Plaintiff hereby demands a trial by jury of all issues triable by a jury.

## IX. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests this Court to award her:

A. Compensatory damages in an amount to be shown at trial.

B. Punitive damages against Defendants Chapman, Ilain, Skrletts, Kinkaid, Vargas, Melendez, Merritt, Rusnak, Blaine, Pendleton, Jones, Walker, Sattler and John/Jane Does in an amount to be shown at trial;

C. Reasonable attorney fees;

D. Prejudgment interest;

E. Costs incurred in this action;

F. Such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

| | |
|---|---|
| s/Alphonse A. Gerhardstein<br>Alphonse A. Gerhardstein (0032053)<br>Trial Attorney for Plaintiffs<br>Jennifer L. Branch (0038893)<br>Gerhardstein & Branch, Co LPA<br>432 Walnut Street, Suite 400<br>Cincinnati, Ohio 45202<br>(513) 621-9100<br>Fax (513) 345-5543<br>agerhardstein@gbfirm.com<br>jbranch@gbfirm.com | s/David B. Malik<br>David B. Malik (0023763)<br>Trial Attorney for Plaintiffs<br>8437 Mayfield Road, Suite 103<br>Chesterland, OH 44026<br>(440) 729-8260<br>(440) 729-8262 fax<br>dbm50@sbcglobal.net |

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 25, 2012, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing pleading and the Notice of Electronic Filing has been served by ordinary U.S. mail upon all parties for whom counsel has not yet entered an appearance electronically.

                                                         s/ Alphonse A. Gerhardstein
                                                         Attorney for Plaintiff