UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHIRLEY BROWN, | : | |
| | : | Case No. 1:11-cv-1370 |
| Plaintiff, | : | |
| | : | |
| v. | : | Judge Lesley Wells |
| | : | |
| MICHAEL CHAPMAN, et al. | : | |
| | : | PLAINTIFF'S MOTION FOR |
| Defendants | : | ENTRY OF JUDGMENT |
| | : | PURSUANT TO FED. R. CIV. P. 54(b) |

Pursuant to Federal Rule of Civil Procedure 54(b), Plaintiffs respectfully request that this Court direct entry of a final judgment on Plaintiffs' claims under 42 U.S.C. §1983.

**MEMORANDUM**

On January 13, 2015, this Court issued an order denying summary judgment on some claims but granting summary judgment with respect to Plaintiff's claim that Officers Chapman and Ilain stopped Rodney Brown's vehicle without probable cause; the claim that Officer Chapman used excessive force when he tased Mr. Brown in the chest; and the deliberate indifference claim against Officer Melendez. Doc. 38, pp. 10-11; p. 17; p. 24. The Court also granted summary judgment on Plaintiff's claims against the City of Cleveland stemming from those particular constitutional violations. Doc. 38, p. 29. Defendants Sattler, Rusnak, Merrit, and the City of Cleveland have filed a notice of appeal with respect to the denial of qualified immunity. Doc. 41. Plaintiffs respectfully request that the Court enter final judgment pursuant to Fed. R. Civ. P. 54(b) to permit Plaintiffs to cross-appeal. This is appropriate because the Court has reached a final resolution of these claims and there is no just reason to delay Plaintiffs'

1

appeal until after an appeal of qualified immunity on the deliberate indifference claim and trial on the merits.

Certification under Rule 54(b) is appropriate where, as here, a final decision has been made on a cognizable claim for relief and there is no just reason for delay. *See Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7-8 (1980). Fed. R. Civ. P. 54(b) states that:

> When an action presents more than one claim for relief . . ., the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

In determining whether a judgment is final for the purposes of Rule 54(b), a district court must conclude that it is dealing with a "judgment" in the sense that "it is a cognizable claim for relief," and that it is "final" in the sense that it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright Corp.*, 446 U.S. at 7 (citing *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427 (1956)). In the instant case, the Court granted summary judgment with respect to the probable cause claim, the excessive force claim for use of the taser, and the deliberate indifference claim against Officer Melendez. Doc. 38. The Court also granted summary judgment to the City of Cleveland based on these constitutional violations. These decisions are final because there will be no further adjudication of these claims unless Plaintiff is permitted to appeal.

The only remaining question, therefore, is "whether there is any just reason for delay." *Curtiss-Wright Corp.*, 446 U.S. at 8. This decision is left to the discretion of the district court, which must take into account "judicial administrative interests as well as the equities involved." *Id.* The Sixth Circuit has set out a "nonexhaustive list of factors which a district court should consider when making a Rule 54(b) determination." *Corrosioneering Inc. v. Thyssen Envtl. Sys. Inc,* 807 F.2d 1279, 1283 (6th Cir. 1986). They are:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like.

*Pittman ex rel. Sykes v. Franklin*, 282 Fed. Appx. 418, 430 (6th Cir. 2008) (quoting *Corrosioneering,* 807 F.2d at 1283). The Sixth Circuit explained that "[d]epending on the facts of the particular case, all or some of the above factors may bear upon the propriety of . . . certifying a judgment as final under Rule 54(b)." *Id.*; *see also In re Cardinal Health Inc. Securities Litig.*, No. C2-04-575, 2007 WL 1026347, *4 (S.D. Ohio Mar. 29, 2007) ("The court is free to weigh the factors unequally based on a case-by-case basis and need not find that each factor favors certification in order to grant it.") (citing *Curtiss-Wright Corp.*, 446 U.S. at 8 n.2).

Applying these factors, it is clear that there is no just reason for delay. The claims that Plaintiff seeks to appeal are all separate and distinct from the other pending claims. While there is currently an excessive force claim pending against Officer Chapman, it is for a separate use of force. There are also pending deliberate indifference claims, but they are against different defendants. There is no possibility that the need for review will be mooted by future developments in the district court. In *In re Cardinal Health Inc. Securities Litig.*, 2007 WL 1026347, the district court granted a motion to dismiss one of the Plaintiffs' claims and certified that ruling pursuant to Fed. R. Civ. P. 54(b). Considering the mootness factor, the court explained:

> If Plaintiffs choose to appeal the dismissal of the claim against E & Y, future rulings of this Court will not moot the necessity of appellate review of this Court's decision. The Sixth Circuit is required to perform a *de novo* review of this Court's decision to dismiss Plaintiffs' 10(b) claim against E & Y for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). *See*, *e.g.*, *Gregory v. Shelby County,*

3

> *Tenn.*, 220 F.3d 433, 445 (6th Cir.2000). This same review would be required whether Plaintiffs appeal this ruling immediately or choose to wait until all claims in this case have been adjudicated.

*Id.* at *5. This case is similar. This Court granted summary judgment against Plaintiffs based on its interpretation of the law as applied to certain facts. The Sixth Circuit will be required to review this Court's decision *de novo* whether an appeal is permitted now or after trial on the merits. No further discovery is expected which would alter the analysis and require the Sixth Circuit to review the case again.

Finally, the interests of efficiency weigh heavily in favor of permitting Plaintiff to appeal now instead of waiting until after a trial on the merits. Defendants are entitled to appeal the qualified immunity decision and have done so. Plaintiff's appeal can be efficiently handled at the same time. An appeal now would obviate the need for future review and minimize the briefing costs of the parties and the resources of the Court of Appeals. Furthermore, the court in *In re Cardinal Health Inc. Securities Litig.* found that the possibility of having to conduct a duplicative trial strongly militated in favor of allowing an early appeal. 2007 WL 1026347, *5.

> If the judgment in favor of E & Y does not become final until the conclusion of all claims against all Defendants, and then the Sixth Circuit overturns this Court's decision, the Court will have to conduct a separate trial with E & Y as the only defendant. A duplicative trial in a case of this magnitude would be a colossal waste of judicial resources.

*Id. See also Range v. Douglas*, No. 1:10-CV-00473 (S.D. Ohio Oct. 3, 2012)(finding that likelihood of second trial weighed in favor of allowing Rule 54(b) appeal). As in *Cardinal Health* and *Range*, delaying appeal will likely result in a second jury trial on the merits several years after the first. A review of the decision now would minimize waste of this Court's resources and avoid two trials several years apart.

4

Plaintiff respectfully requests that this Court enter final judgment on Plaintiff's claims pursuant to Fed. R. Civ. P. 54(b).

                              Respectfully submitted,

| | |
|---|---|
| /s/ Alphonse A. Gerhardstein | s/David B. Malik |
| Alphonse A. Gerhardstein (0032053) | David B. Malik (0023763) |
| Trial Attorney for Plaintiffs | Trial Attorney for Plaintiffs |
| Jennifer L. Branch (0038893) | 8437 Mayfield Road, Suite 103 |
| Attorney for Plaintiffs | Chesterland, OH 44026 |
| Gerhardstein & Branch Co. LPA | (440) 729-8260 |
| 432 Walnut Street, Suite 400 | (440) 729-8262 fax |
| Cincinnati, Ohio 45202 | dbm50@sbcglobal.net |
| Tel (513) 621-9100 | |
| Fax (513) 345-5543 | |
| agerhardstein@gbfirm.com | |
| jbranch@gbfirm.com | |

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2015 a copy of the foregoing pleading was filed electronically.  Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.  I further certify that a copy of the foregoing pleading and the Notice of Electronic Filing has been served by ordinary U.S. mail upon all parties for whom counsel has not yet entered an appearance electronically.

                                s/ Alphonse A. Gerhardstein
                                Attorney for Plaintiff