IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------

SHIRLEY BROWN,

                      Plaintiff,

      -vs-

MICHAEL CHAPMAN, et al.,

                    Defendants.

------------------------------------------------

CASE NO. 1:11 CV 01370

MEMORANDUM OF OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT PURSUANT TO FED.R.CIV.P. 54(B)

UNITED STATES DISTRICT JUDGE LESLEY WELLS

After Rodney Brown died while in police custody, Shirley Brown, the decedent's mother, filed this lawsuit against the City of Cleveland and a number of Cleveland Police Officers. The plaintiff alleges that the defendants violated the decedent's federal constitutional rights, and she alleges they are liable for state law claims of wrongful death and assault and battery. The defendants moved for summary judgment on the grounds of qualified and state law immunity. On 13 January 2015, this Court entered a Memorandum of Opinion and Order granting in part and denying in part the defendants'

motion. On 9 February 2015, the defendants filed an interlocutory appeal to the Sixth Circuit, seeking review of this Court's qualified immunity decision.

In order to facilitate a cross-appeal of this Court's order to the extent it was adverse to the plaintiff, the plaintiff now requests entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b) with respect to the claims disposed of on summary judgment. Generally, an order that disposes of some but not all claims is not appealable absent certification from the district court. Under Rule 54(b), a district court must make two independent findings before certifying some but not all claims for appeal:

> First, the district court must expressly "direct the entry of final judgment as to one or more but fewer than all the claims or parties" in a case. Second, the district court must "express[ly] determin[e] that there is no just reason" to delay appellate review. Fed.R.Civ.P. 54(b).

Gen. Acquisition Inc. v. GenCorp, Inc., 23 F.3d 1022, 1026, 1026 (6th Cir.1997).

The Sixth Circuit has set forth a nonexhaustive list of factors for determining whether there is a just reason to delay:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like.

Id. at 1030 (quoting Corrosioneering, Inc. v. Thyssen Environmental Systems, Inc., 807 F.2d 1279, 1283 (6th Cir.1986).

In this instance, the plaintiff seeks entry of judgment as to the Court's disposition of the following claims: that Officers Chapman and Ilain stopped Rodney Brown's vehicle without probable cause; that Officer Chapman used excessive force when he tased Mr. Brown in the chest; that Officer Melendez was deliberately indifferent to Mr. Brown's serious medical needs; and that the City of Cleveland is liable for these alleged constitutional violations. Upon consideration of the above factors and the procedural posture of this case, the Court is persuaded that there is no just reason to delay an appeal of these issues. The defendants have already filed an interlocutory appeal of the Court's order denying qualified immunity with respect to a number of claims. By certifying the plaintiff's adjudicated claims for an appeal and allowing the Court of Appeals to decide all the issues at once, the interests of judicial efficiency and convenience to the parties will best be served. As the plaintiff points out, if the Court were to deny certification and the Court of Appeals were to affirm this Court's order denying qualified immunity, it could result in a second appeal, involving the presently adjudicated claims, and possibly two trials. And if the Court of Appeals reverses this Court's judgment in the absence of a certification, it could still result in a second appeal of this matter. Permitting an appeal now will allow resolution of all issues at once.

The Court does not perceive, and the defendants do not persuasively argue, that any factor weighs against certifying some, but not all, of plaintiff's claims. While the defendants claim that certifying an appeal will "muddy the waters" and "interfere with the Defendants' clearly established right to bring an interlocutory appeal," it is not evident that the relationship between the adjudicated and the unadjudicated claims

3

provides a just reason for delaying appeal. Nor is it apparent that the need for review might be mooted by future developments in this Court or that the Court of Appeals might be obliged to consider the same issue a second time.

Therefore, this Court, having determined that there is no just reason to delay appellate review, grants the plaintiff's motion and directs entry of judgment against the plaintiff as to the following claims: that Officers Chapman and Ilain stopped Rodney Brown's vehicle without probable cause; that Officer Chapman used excessive force when he tased Mr. Brown in the chest; that Officer Melendez was deliberately indifferent to Mr. Brown's serious medical needs; and that the City of Cleveland is liable for those alleged constitutional violations.

IT IS SO ORDERED.

/s/ Lesley Wells
UNITED STATES DISTRICT JUDGE

Date: 4 May 2015