IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **SHIRLEY A. BROWN,** | ) | CASE NO: 1:11-CV-1370 |
| **Individually and as Administratrix of the** | ) | |
| **Estate of Rodney Brown** | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **PLAINTIFF'S MOTION IN LIMINE TO** |
| vs. | ) | **ADMIT THE DECLARATION OF** |
| | ) | **WILLIAM VAUGHN, DECEASED** |
| **MICHAEL CHAPMAN, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

Now comes Plaintiff, by and through undersigned counsel, and respectfully moves this Court to enter an Order admitting the Declaration of witness William Vaughn (R. 33-9, Declaration of William Vaughn, PageID #1146-47) who died unexpectedly on July 1, 2016 and is therefore unavailable to testify at trial.

This Motion is made pursuant to Federal Rules of Evidence 804 and 807.

**MEMORANDUM IN SUPPORT**

**I.      INTRODUCTION**

This case involves claims for a stop without probable cause, excessive force, deliberate indifference, wrongful death, and assault and battery arising out of police misconduct during an incident on December 31, 2010. The Defendant Officers' account of the initial encounter and the eyewitness accounts of William Vaughn (deceased) and Pricilla Elston differ significantly. Eyewitness William Vaughn died unexpectedly on July 1, 2016 and is therefore unavailable to testify at trial. Vaughn's account is extremely important and was memorialized through his

1

Declaration on March 7, 2013. The Defendants chose not to take his deposition. The Declaration of William Vaughn should be admitted at trial pursuant to Federal Rule of Evidence 804 and 807.

## II.  LAW AND ARGUMENT

FRE 104(a) provides that this Court make preliminary rulings with respect to the admissibility of evidence, which shall be determined by the Court.

### A. William Vaughn is Unavailable As a Witness; His Declaration is Admissible under FRE 804(b)(1)

"Unavailability of the witness" includes situations where the declarant "is unable to be present or to testify at the hearing because of death or then existing physical or mental illness or infirmity." *United States v. Campbell*, 845 F.2d 1374, 1988 U.S. App. LEXIS 4716, 25 Fed. R. Evid. Serv. (Callaghan) 960 (6th Cir. Ohio 1988) William Vaughn died on July 1, 2016, and is therefore unavailable as a witness at trial.

Federal Rule of Evidence 804(b)(1) provides that former testimony, "given as a witness at another hearing of the same or a different proceeding," will not be excluded by the hearsay rule if the declarant is unavailable and "the party against whom the testimony is now offered . . . had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination." Fed. R. Evid. 804(b)(1); *United States v. Darwich*, 337 F.3d 645, 658 (6th Cir. 2003). Here, Vaughn is unavailable and Defendants had an opportunity to cross examine him by taking his deposition but chose not to do so. Defendants were well aware of the identity of eyewitness William Vaughn as he was listed on Plaintiff's Initial Disclosures on November 17, 2011. His declaration was filed with this Court. See Doc. 33-9. Defendants therefore had every opportunity to compel his testimony about what he witnessed on the night of December 31, 2010. Defendants were well aware that Vaughn's account of the events surrounding the death of

Rodney Brown differed significantly from the Defendant Officers' account, yet failed to take the opportunity to depose him. Consequently, the requirements of 804(b)(1) are satisfied and Vaughn's Declaration should be admitted.

### B. The Declaration of William Vaughn Should Be Admitted Pursuant to Rule 807

When a statement is inadmissible hearsay under Fed. R. Evid. 803 and 804, it can also be admitted under Fed. R. Evid. 807, the residual hearsay exception. *United States v. Laster*, 258 F.3d 525, 530 (6th Cir. 2001); see also *United States v. Barlow*, 693 F.2d 954, 961-63 (6th Cir. 1982). Rule 807, the residual hearsay exception, allows for the admission of hearsay statements that are not specifically covered by Rule 803 or 804 so long as: (1) they have equivalent circumstantial guarantees of trustworthiness, (2) they are offered as evidence of a material fact, (3) they are more probative on the point for which they are offered than any other evidence which the proponent can procure through reasonable efforts, and (4) their admission will best serve the general purposes of the Rules of Evidence and the interests of justice. Fed. R. Evid. 807; *United States v. Canan*, 48 F.3d 954, 959 (6th Cir. 1995); *see also United States v. Hunt*, 521 F.3d 636, 2008 U.S. App. LEXIS 7767, 2008 FED App. 0151P (6th Cir.), 76 Fed. R. Evid. Serv. (Callaghan) 179 (6th Cir. Tenn. 2008).

To ensure "equivalent circumstantial guarantee of trustworthiness", there are important factors to consider, including, (1) the declarant's relationship with the parties involved – here Rodney Brown and Defendants, (2) the declarant's motivation to testify, (3) the extent to which the testimony reflects the declarant's personal knowledge, (4) whether the declarant has ever recanted the testimony, and (5) the existence of corroborating evidence available for cross-examination. *United States v. Barlow*, 693 F.2d 954, 962 (6th Cir. 1982).

In *Barlow*, the Sixth Circuit admitted a statement which would normally be inadmissible hearsay after considering these factors. In admitting the statement, the Sixth Circuit found that the unavailable witness had no motive to implicate the defendant and exculpate herself, her testimony was based on her personal knowledge, and the other testimonial and physical evidence corroborated the prior testimony. *Id*.

The same is true with the Declaration of William Vaughn. Mr. Vaughn had no relationship with Rodney Brown or his family when he witnessed the events on December 31, 2010. He also had no relationship with the Defendants, but it is generally not a favorable situation to make statements against the police in the community where one lives. He had no motive to implicate the officers, nor did he have any motive to exculpate himself from any wrongdoing. The only motivation for Mr. Vaughn's declaration about what happened to Rodney Brown was to be truthful in his account of the events he witnessed. Mr. Vaughn's declaration was made based on his personal knowledge and what he personally witnessed. Mr. Vaughn remained truthful about the events surrounding Rodney Brown's death from the time it happened up until the time Mr. Vaughn died. His version of the events never changed. Priscilla Elston, who witnessed the events with Mr. Vaughn on their porch, will offer testimony at trial that corroborates Mr. Vaughn's declaration. But now instead of two lay eye witnesses contradicting the testimony of the two officers there is only one. The admission of the declaration if very important.

In addition, Mr. Vaughn's Declaration is offered as evidence of material facts including but not limited to the fact that Rodney Brown's headlights were on, an officer elbowed Mr. Brown in the back of the neck while he was complying, and an officer tased Mr. Brown in the chest without any warning even though he was not actively resisting. In *Brown v. Chapman*, 814

4

F.3d 447, the Court clearly demonstrates the importance of the declarations of both William Vaughn and Priscilla Elston by citing to the declarations. The Court points out the "the officers' account and the eyewitnesses' account diverge significantly" and Id. at 453. The Court outlined the following inconsistencies between the two officers and the two eyewitnesses:

    Officers Michael Chapman and Belal Ilain, who were driving southbound on East 112th Street toward Regalia Avenue, claim that they saw Brown driving with no headlights on. R. 27-15 (Synopsis at 1) (Page ID #927); see also R. 27-2 (Map) (Page ID #869). Two eyewitnesses, who live in the area and had heard the siren, say that the vehicle's headlights were on. R. 33-8 (Ellston Decl. ¶ 4) (Page ID #1144); R. 33-9 (Vaughn Decl. ¶ 4) (Page ID #1146).

    Chapman approached the driver's side of the vehicle and Ilain approached the passenger's side. R. 27-15 (Synopsis at 1) (Page ID #927). The officers claim that Brown asked them whether they knew who he was, id., though the eyewitnesses state that Brown only asked the officers why they pulled him over, R. 33-8 (Ellston Decl. ¶ 6) (Page ID #1144); R. 33-9 (Vaughn Decl. ¶ 6) (Page ID #1146).

    The officers contend that Brown complied but was combative, slamming the driver's side door and walking toward Chapman "in an aggressive manner." R. 27-15 (Synopsis at 1) (Page ID #927); see also R. 25-2 (Chapman Dep. at 14) (Page ID #151); R. 25-3 (Ilain Dep. at 14) (Page ID #290). The eyewitnesses do not mention this behavior, and instead state that Brown followed the officers' instructions. R. 33-8 (Ellston Decl. ¶ 6) (Page ID #1144); R. 33-9 (Vaughn Decl. ¶ 7) (Page ID #1146).

    According to the officers, as soon as they tried to put Brown's arms behind his back, he threw them off of him, backing away ten or fifteen feet. R. 25-2 (Chapman Dep. at 15) (Page ID #152); R. 25-3 (Ilain Dep. at 14) (Page ID #290). Chapman pulled out his taser, pointed it at

5

Brown, and told him to get down on the ground. R. 27-15 (Synopsis at 1) (Page ID #927). Brown remained standing, and took a step toward Chapman. See id.; R. 25-2 (Chapman Dep. at 15) (Page ID #152). Ilain warned Brown that the officers would taser him. R. 25-3 (Ilain Dep. at 19) (Page ID #295). Chapman issued a second command to get down on the ground but Brown took another step toward Chapman. R. 25-2 (Chapman Dep. at 15) (Page ID #152). Chapman aimed his taser at Brown's chest and pulled the trigger. *Id*.

     According to the eyewitnesses, while patting him down, Chapman struck Brown in the back of his neck with Chapman's elbow and pushed Brown onto the vehicle. R. 33-8 (Ellston Decl. ¶ 8) (Page ID #1144); R. 33-9 (Vaughn Decl. ¶ 7) (Page ID #1146). Brown broke away in response to the blows. R. 33-8 (Ellston Decl. ¶ 8) (Page ID #1144); R. 33-9 (Vaughn Decl. ¶ 8) (Page ID #1146). He then stood and faced the officers. R. 33-8 (Ellston Decl. ¶ 8) (Page ID #1144); R. 33-9 (Vaughn Decl. ¶ 8) (Page ID #1146). Neither eyewitness describes Brown as advancing toward Chapman and both eyewitnesses affirmatively state that they did not hear Chapman warn Brown before he fired his taser. R. 33-8 (Ellston Decl. ¶ 9) (Page ID #1145); R. 33-9 (Vaughn Decl. ¶ 9) (Page ID #1147). Clearly, Mr. Vaughn's Declaration is offered as evidence of material facts and should therefore be admitted at trial.

     Additionally, Mr. Vaughn's Declaration is more probative on these points than any other evidence which Plaintiff can procure through reasonable efforts. Although Plaintiff will call eyewitness Priscilla Elston as a witness at trial, both eyewitness accounts are extremely important to refute the testimony of the two Defendant Officers who will testify about their version of events. Lastly, admitting Mr. Vaughn's Declaration will best serve the general purposes of the Rules of Evidence and the interests of justice.

### III. CONCLUSION

For all of the reasons stated above, Plaintiff respectfully moves this Court to admit the Declaration of William Vaughn.

Respectfully submitted,

| | |
|---|---|
| /s/ Alphonse A. Gerhardstein | /s/David B. Malik |
| Alphonse A. Gerhardstein (0032053) | David B. Malik (0023763) |
| Trial Attorney for Plaintiff | Trial Attorney for Plaintiff |
| Jennifer L. Branch (0038893) | Sara Gedeon (0085759) |
| Janaya Trotter Bratton (0084123) | Malik Law |
| Gerhardstein & Branch Co. LPA | 8437 Mayfield Road, Suite 103 |
| 441Vinet Street, Suite 3400 | Chesterland, OH 44026 |
| Cincinnati, Ohio 45202 | (440) 729-8260 |
| Tel (513) 621-9100 | (440) 729-8262 fax |
| Fax (513) 345-5543 | dbm50@sbcglobal.net |
| agerhardstein@gbfirm.com | sgedeon1021@gmail.com |
| jbranch@gbfirm.com | |
| jtbratton@gbfirm.com | |

### CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2016, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance and by operation of this Court's electronic filing system. Parties may access this filing through the Court's system.

    /s/ Alphonse A. Gerhardstein
    Alphonse A. Gerhardstein (0032053)
    Trial Attorney for Plaintiff